**UNITED STATES of America,
Appellee,**

v.

**Alvin GOODMAN, Jr., Appellant.**

**No. 07–2896.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 4, 2008.

Filed: Feb. 5, 2008.

Michael P. Norris, Assistant U.S. Attorney, Omaha, NE, for Appellee.

Alvin Goodman Jr., South Sioux City, NE, pro se.

Karen Marie Shanahan, Assistant Federal Public Defender, Omaha, NE, for Appellant.

Before BYE, M. SMITH, and BENTON, Circuit Judges.

PER CURIAM.

In this direct criminal appeal, Alvin Goodman, Jr., challenges the reasonableness of the 12–month prison sentence the district court[1] imposed after he pleaded guilty to resisting, opposing, impeding, and interfering with a federal officer, in violation of 18 U.S.C. § 111(a). He argues that the district court committed a clear error of judgment by unduly focusing on his criminal history and inadequately considering his recent law-abiding conduct.

We conclude that Goodman's 12–month prison sentence is reasonable and not an abuse of the district court's discretion because the court properly took into account only relevant sentencing factors and did not commit a clear error of judgment in weighing those factors. *See* 18 U.S.C. § 3553(a) (factors to consider in imposing sentence); *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2462–69, 168 L.Ed.2d 203 (2007) (allowing appellate presumption of reasonableness for sentences within Guidelines range; district court's sentencing analysis was legally sufficient when record showed that court listened to each argument and considered evidence in support of sentence below advisory Guidelines range, even though court did not elaborate on its reasons); *United States v. Boss,* 493 F.3d 986, 987 (8th Cir.2007) (reasonableness of sentence reviewed for abuse of discretion); *United States v. Haack,* 403 F.3d 997, 1003–04 (8th Cir.2005) (listing circumstances in which abuse of discretion may occur).

Accordingly, the judgment is affirmed.

---

1. The Honorable F.A. Gossett, III, United States Magistrate Judge for the District of

Nebraska presided over this misdemeanor prosecution pursuant to 18 U.S.C. § 3401.